**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRENDA T.,

              Plaintiff,

     v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No. 5:25-cv-02922-AYP

MEMORANDUM OPINION AND
ORDER

Plaintiff Brenda T.[1] seeks review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.) The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 5, 11, 13, 20, 21.) The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

consistent with this Order.

## I.   BACKGROUND

On May 31, 2022, Plaintiff applied for disability insurance benefits, alleging disability beginning September 30, 2019, due to spinal impairments and carpal tunnel syndrome.  (Administrative Record ("AR") 22, 137, 148, 406-14.)   After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ").  (AR 137-41, 148-55.)   The ALJ conducted a hearing on October 19, 2023, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  (AR 1580-97.)  On November 14, 2023, the ALJ issued an unfavorable decision.  (AR 103-29.)  The Appeals Council subsequently remanded the matter for further proceedings.  (AR 130-36.)  On remand, the ALJ conducted a supplemental hearing on November 19, 2024, at which Plaintiff and a VE again testified.  (AR 48-63.)

On December 6, 2024, the ALJ issued another decision denying benefits. (AR 16-47.)  Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: right wrist carpal tunnel syndrome, cervical spine degenerative disc disease with radiculopathy, thoracic spine degenerative disc disease, lumbar spine degenerative disc disease with radiculopathy, schizoaffective disorder, and anxiety disorder.  (AR 25.)  The ALJ determined that Plaintiff nevertheless retained the residual functional capacity ("RFC") to perform light work with the following specific limitations: she could never climb

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work.  20 C.F.R. § 404.1520(a)(4).

2

ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch, or crawl; frequently handle and finger with the dominant right upper extremity; frequently reach with the bilateral upper extremities; frequently push and pull with the bilateral upper extremities; understand, remember, and carry out simple, routine work tasks but not at a production rate pace, for example, no assembly line jobs; tolerate occasional workplace changes; and have occasional interaction with co-workers, supervisors, and the public.  (AR 27.)

At step four, the ALJ determined that Plaintiff had no past relevant work.  (AR 39.)  At step five, relying on the VE's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including marker, routing clerk, and collator operator.  (AR 39-40.)  Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period, from her alleged onset date of September 30, 2019, through the date of the ALJ's decision, December 6, 2024.  (AR 40.)

On December 19, 2024, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision.  (AR 398-99.)   The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-8.)

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).  In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's

conclusion. *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021). When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision. *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

### III.    DISCUSSION

Plaintiff contends that the ALJ failed to give legally sufficient reasons for rejecting her subjective symptom testimony. (Dkt. No. 13 at 7-16.) As discussed below, the Court agrees.

When a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms, and there is no affirmative evidence of malingering, an ALJ may reject the claimant's testimony regarding the severity of those symptoms only by providing specific, clear and convincing reasons supported by substantial evidence. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). General findings are insufficient; rather, the ALJ must specifically identify the testimony being discounted and explain what evidence undermines it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015). Although an ALJ need not discuss every piece of evidence or draft a "line-by-line exegesis" of the record, the Court must be able to follow the ALJ's reasoning and determine that the claimant's testimony was not arbitrarily discredited. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (clear and convincing standard requires ALJ to "show his work").

Here, Plaintiff alleged disability due primarily to cervical and lumbar spinal impairments and carpal tunnel syndrome. She testified that she stopped working in 2019 after injuring her back. (AR 1586.) Plaintiff reported chronic neck and back pain radiating into her extremities, and alleged significant limitations in her ability to sit, stand, walk, and lift. (AR 53-54, 507, 1586-88.)

She further reported difficulty squatting, bending, and climbing stairs. (AR 512.) She alleged problems with her upper extremities, including difficulty fingering, handling, and reaching. (AR 1588-89.) She stated that she could use her hands for only approximately 20 minutes before needing to rest them. (AR 1589.) Plaintiff maintained that her impairments prevented her from sustaining full-time employment and significantly limited her ability to perform daily activities. (AR 53.)

The ALJ discounted Plaintiff's subjective symptom testimony based on the objective medical evidence and Plaintiff's treatment history. (AR 27-34.) As discussed below, these were not specific, clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony. *See Treichler*, 775 F.3d at 1102.

**A. Objective Medical Evidence**

The ALJ's principal rationale for discounting Plaintiff's subjective symptom allegations was that the objective medical evidence did not support the degree of limitation alleged. (AR 27-34.) However, in discussing the objective medical evidence, the ALJ merely summarized both normal and abnormal findings from Plaintiff's physical examinations and diagnostic studies. The ALJ failed to explain why the cited evidence did not support Plaintiff's alleged limitations.

For example, the ALJ relied on physical examinations documenting normal gait, intact motor strength, and intact sensation, while also describing examinations documenting abnormal gait, cervical and lumbar tenderness, decreased range of motion, decreased grip strength, and positive straight-leg-raise testing. (AR 28-31.) Likewise, the ALJ summarized diagnostic studies documenting both relatively mild and more significant abnormalities – including significant spinal canal stenosis, a large lumbar disc extrusion, moderate central canal stenosis, moderate neural foraminal narrowing, cervical

5

degenerative disc disease, and moderate C6 right-sided sensory radiculopathy. (AR 31-32.)  The ALJ, however, simply concluded that this evidence supported the RFC assessment without explaining why these objective abnormalities failed to support Plaintiff's alleged limitations or how the conflicting findings were reconciled.  (AR 28-32.)

Accordingly, because the Court cannot reasonably discern the path of the ALJ's reasoning, the ALJ's reliance on the objective medical evidence does not support the discounting of Plaintiff's subjective symptom allegations.  *See Lambert*, 980 F.3d at 1277 (holding that an ALJ must identify the testimony being discounted and explain why the cited evidence undermines that testimony).

**B. Treatment History**

The ALJ also relied on Plaintiff's reported improvement with treatment, including temporary pain relief following epidural steroid injections and reports that pain medication made her pain more tolerable and improved her ability to perform daily activities.  (AR 28-32.)  Although evidence of improvement may undermine allegations of disabling symptoms, *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), the ALJ here did not adequately explain why Plaintiff's reported improvement undermined her allegations in light of the treatment history as a whole.

The same treatment records cited by the ALJ also document that Plaintiff continued to experience chronic neck and back pain despite medication, repeated epidural steroid injections, and other conservative treatment measures.  (AR 683, 702, 721, 741, 1040.)  Treatment providers repeatedly noted that conservative treatment had failed and recommended lumbar decompression and fusion surgery, as well as carpal tunnel release surgery.  (AR 642, 660, 1040, 1045, 1087, 1092, 1230, 1406, 1503.)  The ALJ never explained how these findings were reconciled with Plaintiff"s reports of temporary

symptom relief or why intermittent improvement demonstrated an ability to sustain full-time work.  Instead, the decision simply cited evidence of improvement without addressing the contemporaneous evidence showing that Plaintiff continued to experience significant symptoms despite treatment.  (AR 28-32.)  *See Attmore v. Colvin*, 827 F.3d 872, 877-79 (9th Cir. 2016) (explaining that the ALJ must evaluate evidence of improvement in the context of the record as a whole).

In sum, the ALJ failed to provide specific, clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom statements.  Remand is therefore warranted.[3]  *See Treichler*, 775 F.3d at 1102.

**IV.     REMEDY**

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion.  *See Treichler*, 775 F.3d at 1099-1102.  When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if the evidence were properly evaluated, remand for further proceedings is appropriate.  *Id*.  In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed.  *Id.*

Here, the Court finds that further administrative proceedings are

---

[3] To the extent Defendant contends that the ALJ discounted Plaintiff's subjective allegations based on her daily activities, the argument lacks merit. The ALJ did not clearly articulate daily activities as a reason for discounting Plaintiff's subjective complaints, and thus, the Court may not affirm on that basis. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (the court is constrained to review the reasoning actually provided by the ALJ, not post hoc rationalizations advanced during litigation).

warranted because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if Plaintiff's testimony were properly evaluated. Although the record reflects significant spinal impairments and related limitations, it also contains mixed objective findings, including intact strength, intact sensation, and normal gait at various examinations. Accordingly, further administrative proceedings would serve the useful purpose of allowing the ALJ to properly evaluate Plaintiff's testimony and reassess her RFC and ability to perform work existing in significant numbers in the national economy.[4]  *See Treichler*, 775 F.3d at 1101-05.

## V.    ORDER

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:   July 6, 2026

_____

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[4] Because remand is warranted on the ground discussed above, the Court need not reach Plaintiff's remaining claims of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

8